TERRENCE TEAGLE, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 231, 2008
Supreme Court of Delaware.
Submitted: August 19, 2008
Decided: November 17, 2008
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DUPONT RIDGELY, Justice.
This 17th day of November 2008, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The appellant, Terrence Teagle, filed this appeal from the Superior Court's denial of his motion for postconviction relief pursuant to Superior Court Criminal Rule 61("Rule 61"). The State has filed a motion to affirm on the ground that it is manifest on the face of Teagle's opening brief that the appeal is without merit.[1] We agree and affirm the Superior Court's judgment.
(2) In December 2005, Teagle was indicted on several charges including two counts of Robbery in the First Degree, two counts of Possession of a Firearm During the Commission of a Felony and one count of Possession of a Deadly Weapon by a Person Prohibited. On the morning of trial, Teagle pled nolo contendere to two counts of Robbery in the First Degree and one count each of Possession of a Firearm During the Commission of a Felony and Possession of Ammunition by a Person Prohibited. Sentencing was scheduled for May 12, 2006.
(3) Prior to sentencing, Teagle filed two motions: a motion to disqualify his attorney and proceed pro se, and a motion to withdraw his plea. The Superior Court appointed new counsel to represent Teagle on the motions and thereafter.
(4) It appears from the record that Teagle withdrew his request to proceed pro se on June 23, 2006. After an August 25, 2006 evidentiary hearing, the Superior Court denied Teagle's request to withdraw his nolo contendere plea. On September 4, 2006, Teagle was declared a habitual offender and was sentenced to a total of twenty years imprisonment followed by decreasing levels of supervision.[2]
(5) On September 14, 2006, Teagle filed an appeal from the Superior Court's denial of his motion to withdraw his nolo contendere plea. Teagle argued that there was a "fair and just reason" to allow him to withdraw his plea because his counsel and the trial judge had incorrectly advised him of the penalty he faced if he accepted the plea agreement.[3]
(6) By order dated April 4, 2007, this Court affirmed the Superior Court's bench ruling denying Teagle's motion to withdraw his plea.[4] The Court determined that, although there was a procedural defect in the plea agreement related to the minimum prison term, the State cured that defect when it dropped a single robbery count.[5] The Court further concluded that Teagle knowingly and voluntarily consented to the plea agreement, and that any complaint that his counsel inadequately represented him was cured by the revised charges.[6]
(7) On April 4, 2008, Teagle filed a motion for postconviction relief. Teagle raised numerous claims, including ineffective assistance of counsel and inadequate notice of enhanced penalty. By order dated April 10, 2008, the Superior Court denied relief, concluding that Teagle's claims were without merit and/or barred under Rule 61(i)(3) or (i)(4).[7]
(8) After careful consideration of Teagle's opening brief and the State's motion to affirm, we have concluded that the Superior Court's judgment should be affirmed on the basis of the Superior Court's well-reasoned decision dated April 10, 2008.[8] The Superior Court correctly determined that Teagle's ineffective assistance of counsel arguments were considered and rejected in the context of his motion to withdraw his plea and the appeal from the denial of that motion. Reconsideration of those previously adjudicated claims are not warranted in the interest of justice.[9] Moreover, as determined by the Superior Court, the record does not support Teagle's claim that he was unaware that he was subject to sentencing as a habitual offender, and Teagle has not demonstrated cause for his failure to raise the claim earlier nor any prejudice.[10]
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Del. Supr. Ct. R. 25(a).
[2] Del. Code Ann. tit. 11, § 4214(a) (2007).
[3] See Del. Super. Crim. R. 32(d) (providing in relevant part that prior to sentencing the court may permit withdrawal of a nolo contendere plea upon the defendant's showing of any fair and just reason).
[4] Teagle v. State, 2007 WL 1017354 (Del. Supr.).
[5] Id.
[6] Id.
[7] State v. Teagle, 2008 WL 3323637 (Del. Super.)
[8] See id.
[9] Del. Super. Ct. Crim. R. 61(i)(4).
[10] Del. Super. Ct. Crim. R. 61(i)(3).